IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILLIE MCPHERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2854-E-BN |
| | § | |
| SERVBANK, SB, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCIES

Defendant Servbank, SB removed a lawsuit to quiet title that Plaintiff Lillie McPherson filed in a Dallas County, Texas state court, alleging that there is federal subject-matter jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

United States District Judge Ada Brown referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned's review of Servbank's notice of removal raises two concerns, the first of which the Court must address *sua sponte*.

First, to the extent that Servbank, as the party invoking the federal court's jurisdiction, relies on Section 1332, the notice of removal and the state court petition attached to it fail to show that there was federal subject-matter jurisdiction at the time Servbank removed this lawsuit.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

As applicable here, in cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reinsurance*

*Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up).

But, "if a state-court 'petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'" *Werder v. Allstate Fire & Cas. Ins. Co.*, No. 3:24-cv-130-BN, 2024 WL 2162821, at *2 (N.D. Tex. May 14, 2024) (quoting *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022)).

"The defendant can meet that burden in one of two ways: (1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro*, 39 F.4th at 314 (cleaned up).

These standards apply here where McPherson "seeks monetary relief of $250,000 or less and non-monetary relief." Dkt. No. 1 at 13.

> [P]leading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) is, for purposes of 28 U.S.C. § 1446(c)(2), an "indeterminate" or "unspecified amount of damages." And, so, allegations of those ranges do not "constitute a specific sum demanded that is dispositive of the jurisdictional question." *Adame v. Bunton*, No. EP-22-CV-00464-DCG, 2022 WL 20158117, at *2 (W.D. Tex. Dec. 28, 2022) (cleaned up).
> 
> For the same reason, neither does (without more) "seeking 'monetary relief of $250,000 or less' in accordance with [Texas Rule of Civil Procedure] 47(c)(1) [or Rule 47(c)(2)] ... make it facially apparent that the federal jurisdictional amount in controversy is satisfied." *Id.* (cleaned up). A state court petition's pleading the Rule 47(c)(1) or Rule 47(c)(2) range "does not make clear, on its face, that it is seeking more than $75,000, only that it seeks less than $250,000." *Alcala v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:22-CV-95, 2022 WL 4239223, at *3 (S.D. Tex. Aug. 30, 2022), *rec. adopted*, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022); *accord Garza v. Palomar Specialty Ins. Co.*, No. 7:21-CV-00414, 2021 WL 6425093, at *2 (S.D. Tex. Dec. 1, 2021).
> 
> And, so, [ ] pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) does not constitute a

> specific sum demanded that is dispositive of the jurisdictional question under 28 U.S.C. § 1446(c)(2) and does not make it facially apparent that the jurisdictional threshold for the amount in controversy is satisfied to support diversity jurisdiction over this removed action.

*Werder*, 2024 WL 2162821, at *2 (cleaned up).

And Servbank has not met its burden as to the amount in controversy by alleging in the notice of removal, without further factual or evidentiary support, that "Plaintiff's Petition seeks injunctive relief and the value of the property that is the subject of this lawsuit exceeds $75,000." Dkt. No. 1 at 2.

And, so, this lawsuit is currently subject to remand for lack of subject matter jurisdiction. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (28 U.S.C. § 1447(c) "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." (emphasis in original)).

But "[a] defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." *A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) (citations omitted).

A second defect seems apparent with this removal: that it's untimely to the extent that Servbank was served on October 11, 2024, *see* Dkt. No. 1 at 37, but did not remove this case until November 13, 2024, *see* 28 U.S.C. § 1446(b).

For removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise

- 4 -

of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "[a] motion to remand ... must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)," 28 U.S.C. § 1447(c); *see also In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) ("Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection." (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 359-60 (5th Cir. 1990))).

As its text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

And there is "no basis, in either the language of the amended statute or in policy, for conferring upon the district courts discretion *sua sponte* to remand for purely procedural defects." *In re Allstate*, 8 F.3d 219, 223 (5th Cir. 1993).

SO ORDERED.

DATED: November 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE